IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY CARTER, JENNIFER KRUEGER AND LISBETT RODRIGUEZ<br><br>Plaintiffs,<br><br>v.<br><br>TRANSIT TELEVISION NETWORK LLC,<br><br>Defendant. | Case No. 07 C 6608<br><br>Judge Leinenweber<br>Magistrate Judge Nolan<br><br>**JURY TRIAL DEMANDED** |

## AGREED PROTECTIVE ORDER

THIS CAUSE COMING ON TO BE HEARD on Defendant's Agreed Motion for a Protective Order, both parties being in agreement as to the terms of the Order and the Court being fully advised in the premises:

WHEREAS, on January 4, 2008, Plaintiffs Terry Carter, Jennifer Krueger and Lisbett Rodriquez (collectively "Plaintiffs") filed their amended complaint alleging violations of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq.*), Section 1977 of the Revised Statutes, 42 U.S.C. Section 1981, as amended ("Section 1981"), and the Equal Pay Act provisions of the Fair Labor Standard Act ("Equal Pay Act"), arising from their employment with Defendant Transit Television Network LLC ("Defendant" or "TTN");

WHEREAS, Plaintiffs have propounded certain discovery to TTN requesting it produce certain documents, including without limitation, confidential personnel files, performance reviews, non-compete agreements, severance pay and general release agreements, financial and banking information, disciplinary records, Social Security numbers, and other personal identifying information that may be contained in the personnel file;

WHEREAS, Plaintiffs have propounded certain discovery to TTN requesting it produce

certain documents, including without limitation, confidential sales reports and account information;

WHEREAS, TTN treats this information and these documents as highly confidential, strictly limits access to this information or these documents to third persons; and

WHEREAS, good cause exists to protect the confidentiality of personnel files, performance reviews, non-compete agreements, severance pay and general release agreements, financial and banking information, disciplinary records, Social Security numbers, and other personal identifying information that may be contained in the personnel files of Defendant's current and former employees not party to the instant litigation, and Defendant's confidential sales reports and account information;

IT IS THEREFORE ORDERED as follows:

1) All personnel files, performance reviews, non-compete agreements, severance pay and general release agreements, financial and banking information, disciplinary records, if any, Social Security numbers, and other personal identifying information that may be contained in the personnel files of employees other than Plaintiffs shall be deemed confidential.

2) All sales reports and account information reflecting the business activities of Defendant and/or its employees shall be deemed confidential.

3) All documents reflecting or containing trade secrets or other non-public proprietary, strategic or commercial information, data or research of TTN shall be deemed confidential.

4) The documents specified in paragraphs 1, 2 and 3 above shall be collectively referred to herein as "Confidential Material" and shall be conspicuously stamped "Confidential."

5) All Confidential Material shall be used only for the purpose of the proceedings in this action and shall not be used in any other lawsuit, claim or cause of action or in any other way unless ordered by a court of competent jurisdiction.

6) All Confidential Material shall not be divulged by Plaintiffs or their counsel to anyone, except for purposes of this litigation.

7) All such persons to whom Confidential Material is disclosed shall be shown a copy of this Agreed Protective Order and shall be bound by its terms, except for purposes of a hearing or trial in this action. Such persons shall execute a nondisclosure agreement in the form attached hereto as Exhibit A.

8) In the event any Confidential Material is used in any proceeding herein prior to the trial of this cause, it shall not lose its confidential status through such use and the parties shall take all steps reasonably required to protect against misuse or disclosure of such Confidential Material.

9) All such Confidential Material and any and all copies or recordings thereof shall be returned to TTN upon termination of this litigation.

ENTERED:

_____
Judge Leinenweber
Dated: 5/6/2008

The Parties to this action hereby agree to the entry of the above Agreed Protective Order.


_____     _____
Ethan G. Zelizer                         Karin Anderson
One of the attorneys for Plaintiffs      One of the attorneys for Defendant


Date:_____         Date:_____

- 5 -

## EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, having received and reviewed a copy of the Agreed Protective Order entered in <u>Carter, et al. v. TTN</u>, governing the confidentiality of documents and other confidential material, and I agree to be bound by the terms thereof. I further agree that I will not disclose to third parties any material or information that is designated by any party as confidential, except as provided in the Agreed Protective Order.