IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY CARTER, JENNIFER KRUEGER, AND LISBETT RODRIGUEZ | ) ) ) ) | Case No.  07 C 6608 |
| Plaintiffs, | ) ) | Judge Leinenweber |
| v. | ) ) | Magistrate Judge Nolan |
| TRANSIT TELEVISION NETWORK, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT *INSTANTER* AND UNOPPOSED MOTION FOR EXTENSION OF TIME TO CONDUCT DISCOVERY

Plaintiffs Terry Carter, Jennifer Krueger, and Lizbett Rodriguez, by and through their attorneys Stowell & Friedman, Ltd. and pursuant to Fed.R.Civ.P. 15(a), hereby move for leave to file *instanter* their Second Amended Complaint, primarily to add pendant claims of negligent retention and supervision against Transit Television Network's ("TTN" or "Defendant") employees and/or managers.  Concurrently, Plaintiffs move, unopposed, for an extension of time in which to complete discovery.  In support of their Motion, Plaintiffs state the following:

### MOTION FOR LEAVE TO FILE, *INSTANTER*, SECOND AMENDED COMPLAINT

1. On January 4, 2008, Plaintiffs amended their original Complaint to add the claims of Jennifer Krueger and Lizbett Rodriguez to the lawsuit.  At that time, Plaintiffs' counsel possessed the requisite knowledge to allege claims of discrimination under Title VII and Section 1981, and under the Equal Pay Act, but not under the theory of negligent retention.

2. Since filing their Amended Complaint, Plaintiffs have continued to diligently investigate Defendant's discrimination. Through this investigation and through discovery obtained from Defendant, Plaintiffs' have discovered additional relevant information and evidence that support claims of negligent retention on behalf of all Plaintiffs.

3. Plaintiffs have previously made Defendant aware of their intention to move to amend their Complaint.

4. Rule 15 of the Federal Rules of Civil Procedure favors liberal amendment of pleadings and provides that leave to amend shall be freely granted whenever justice so requires. *See* Fed. R. Civ. P. 15(a); *see also In re Stavriotis,* 977 F.2d 1202, 1204 (7th Cir. 1992). Plaintiff's Motion for Leave meets this liberal standard.

5. Further, this Court has jurisdiction to hear Plaintiffs' claims of negligent retention. The facts supporting Plaintiffs' claims of negligent retention arise from the same nucleus of operative facts as those pled in Plaintiffs' original and First Amended Complaints, and are founded largely on the same set of facts and allegations as those previously pled in support of their discrimination and Equal Pay Act claims. They are thus so intricately intertwined with the federal claims currently before this Court as to be considered to form part of the same case or controversy. *See* 28 U.S.C. sec. 1367.

6. Based on review of the documents Defendant produced in discovery, Defendant has long been on notice of the facts underlying and substance of Plaintiffs' complaints regarding the individuals to be named as having been negligently retained and/or supervised. Therefore, granting Plaintiffs' Motion for Leave to File their Second Amended Complaint is just and will not prejudice Defendant.

UNOPPOSED MOTION FOR EXTENSION OF TIME TO CONDUCT DISCOVERY

7. On May 6, 2008, this Court extended the discovery deadline in this case to August 15, 2008.

8. The parties have exchanged written discovery, and are currently engaged in discussions, pursuant to Local Rule 37.2, in a good faith attempt to resolve disputes that have arisen.

9. Because of the disputes regarding written discovery, and as a result of scheduling conflicts, and anticipating that Plaintiffs may be granted leave to amend the Complaint in this matter, the parties have taken no depositions to date.

10. Furthermore, if Plaintiffs' Motion for Leave to File Second Amended Complaint is granted, Defendant may wish to propound additional written discovery regarding the amendment(s).

11. Plaintiffs' Counsel has consulted with Counsel for Defendant and both parties believe that additional time is necessary for full and fair discovery, including depositions of the parties and witnesses. Thus, the requested extension will not cause prejudice to either party and will not unnecessarily delay the proceedings in this case.

12. The parties believe that an additional 60 days will allow all parties to complete discovery, thus closing discovery on Tuesday, October 14, 2008.

**WHEREFORE,** for the reasons set forth above, Plaintiffs respectfully request that this Court grant them leave to file the attached Second Amended Complaint *instanter*, and/or that that this Court grant Plaintiffs' unopposed motion for an extension of time in which to complete discovery.

                                                Respectfully submitted,

                                                STOWELL & FRIEDMAN, LTD.

Dated: August 8, 2008                    By:    /s/   Linda D. Friedman

Linda D. Friedman
Jasmine E. Simmons
**STOWELL & FRIEDMAN, LTD.**
321 S. Plymouth Court
Suite 1400
Chicago, IL 60604
312-431-0888

## CERTIFICATE OF SERVICE

      I, Jasmine E. Simmons, an attorney, hereby certify that on August 8, 2008, I caused a true and correct copy of the attached *Motion for Leave to File Second Amended Complaint Instanter and Unopposed Motion for Extension of Time to Conduct Discovery* to be served via facsimile and ECF on the following counsel of record:

Michael W. Duffee
Becky L. Kalas
Karin Anderson
**Ford & Harrison, LLP**
55 East Monroe St.
Suite 2900
Chicago, IL 60603
Fax: 312-332-6130


                                        By:\_\_\_\_/s/ Jasmine E. Simmons\_\_\_


Linda D. Friedman
Jasmine E. Simmons
**STOWELL & FRIEDMAN, LTD.**
321 S. Plymouth Court
Suite 1400
Chicago, IL 60604
312-431-0888

354471_5                                    5